UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES<br><br>v.<br><br>ANGEL GIANCARLO BELLIDO COSIO | No. 3:24-cr-67 (SRU) |

### ORDER ON MOTION FOR BILL OF PARTICULARS

The defendant, Angel Giancarlo Bellido Cosio ("Bellido"), was arrested on March 13, 2024, based on a criminal complaint alleging violations of 18 U.S.C. §§ 1029(a)(2), (b)(l), and (b)(2) (access device fraud), and 18 U.S.C. § 1028A (aggravated identity theft). *See* Complaint, Doc. No. 1. On March 26, 2024, a Grand Jury returned an Indictment charging Bellido and his co-defendant, Angel Eugenio Bances Chaponan ("Bances"), with one count of access device fraud and one count of aggravated identity theft. *See* Indictment, Doc. No. 13. Since then, Bances pled guilty and was sentenced. *See* Judgment, Doc. No. 89.

On May 20, 2024, Bellido filed the instant motion for a bill of particulars, seeking clarification about the nature and details of the incidents charged in Count One of the Indictment. *See* Doc. No. 30.

The purpose of a bill of particulars is to "provide defendant with information about the details of the charge against him if this is necessary to the preparation of his defense, and to avoid prejudicial surprise at the trial." *United States v. Torres*, 901 F.2d 205, 234 (2d Cir. 1990) (citing 1 C. Wright, Federal Practice and Procedure § 129, at 434–35 (2d ed. 1982)); *United States v. Bortnovsky*, 820 F.2d 572, 574 (2d Cir. 1987) (per curiam)). "A bill of particulars is required only where the charges of the indictment are so general that they do not advise the

defendant of the specific acts of which he is accused." *United States v. Walsh*, 194 F.3d 37, 47 (2d Cir. 1999) (internal citations and quotation marks omitted).

Even if the Indictment was so general that a bill of particulars would have been warranted, Bellido's motion is now moot because he has been charged in a Superseding Indictment. *See* Superseding Indictment, Doc. No. 42. As the government points out, Bellido's motion is therefore no longer addressed to the operative charging document. *See* Opp'n, Doc. No. 47, at 2. In addition, the Superseding Indictment contains far more detailed allegations regarding the conspiracy charged in Count One. *See* Doc. No. 42, at ¶¶ 1-9. The Superseding Indictment thus provides sufficient information to "advise the defendant of the specific acts of which he is accused." *Walsh*, 194 F.3d at 47.

For the foregoing reasons, Bellido's motion for a bill of particulars, doc. no. 30, is **denied.**

So ordered.

Dated at Bridgeport, Connecticut, this 8th day of November 2024.

/s/ STEFAN R. UNDERHILL
Stefan R. Underhill
United States District Judge